IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In re: | ) | Case No. 17-11540-BAH |
| | ) | Chapter 7 |
| SKY-SKAN INCORPORATED, | ) | Judge Bruce A. Harwood |
| | ) | |
| Debtor. | ) | |
| ______________________________ | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Adv. Proc. No. ___________ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY T. PIAMPIANO, as the Chapter 7 Trustee of the Bankruptcy Estate of Sky-Skan Incorporated, and COASTAL CAPITAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| ______________________________ | ) | |

**COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, brings this civil action pursuant to 11 U.S.C. §§ 105, 361, 363(c), (e), and (p), 507(b), 541, and 554 and Federal Rule of Bankruptcy Procedure 6007 and 7001, to obtain a judgment determining that the bankruptcy estate has no interest in adequate protection funds held in escrow pursuant to the cash collateral orders entered by this Court while this case was pending in Chapter 11 bankruptcy (the "Adequate Protection Funds"), determining that the United States holds the first and best lien or other interest as to the Adequate Protection Funds, and the ordering distribution of the Adequate Protection Funds to the United States. In the alternative, the United States seeks a judgment

ordering the abandonment of the bankruptcy estate's interest in the Adequate Protection Funds. For its complaint, the United States alleges as follows:

## Jurisdiction and Parties

1. The above-captioned case was commenced by the filing of a voluntary Chapter 11 petition on November 1, 2017. On December 2, 2020, the Court entered an order converting this case to Chapter 7.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), (M), and (O) over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334.

3. The plaintiff is the United States of America.

4. The defendant Jeffrey T. Piampiano is the Chapter 7 Trustee of the Bankruptcy Estate of Sky-Skan Incorporated, the Debtor in this bankruptcy case.

5. The defendant Coastal Capital, LLC, is a creditor of the Debtor and has filed a proof of claim in the Debtor's bankruptcy case identifying a secured claim.

6. As of November 1, 2017, the Debtor's schedules (Doc #140-2) reported cash in the amount of $179,916; accounts receivable (without doubtful or uncollectible accounts) in the amount of $377,052; and work in process and inventory with a liquidation value in the amount of $437,000.

7. As of September 30, 2020, the Debtor's monthly operating report (Doc #678) reported cash in the amount of $16,609 plus restricted cash in the amount of $519,021; accounts receivable (without doubtful or uncollectible accounts) in the amount of $184,701; and inventory with a value in the amount of about $189,417.

8. On information and belief, the Chapter 7 Trustee contends that, as a practical matter, the only property of the estate with any value is the cash, accounts receivable, and the Adequate Protection Funds.

### THE IRS'S SECURED CLAIMS AND INTERESTS

9. On December 8, 2020, the Internal Revenue Service filed an amended proof of claim identifying secured claims in the amount of $524,883.75 for the Debtor's unpaid employment tax liabilities (WT-FICA) for the five quarterly periods ending on June 30, 2015, through June 30, 2016. The $524,883.75 consists of tax in the amount of $484,592.51 and interest on tax in the amount of $40,291.24. No objection has been filed to the IRS's proof of claim.

10. The IRS filed notices of federal tax lien ("NFTLs") in accordance with 26 U.S.C. § 6323(f) for the unpaid employment tax liabilities with the New Hampshire Secretary of State on February 23, 2016, April 4, 2016, September 27, 2016, and December 7, 2016.

11. On March 1, 2018, Coastal Capital, LLC, filed a proof of claim asserting a secured claim in the amount of $932,152 for money lent to the Debtor under a loan agreement dated July 28, 2011.

12. On November 1, 2017, the United States held a first and best lien pursuant to 26 U.S.C. §§ 6321 and 6323 on all cash, accounts receivable, and work in process and inventory belonging to the Debtor, except for perhaps $600 of accounts receivable. All of the cash, accounts receivable (except for perhaps the $600 referenced above), and work in process and inventory of the Debtor existing on November 1, 2017, came into existence more than 45 days after the IRS filed the NFTLs referenced above; such cash, accounts receivable, and work in

process and inventory is not attributable to any contract that came into existence before 45 days after the IRS filed its NFTLs referenced above.

13. While the Debtor's bankruptcy case was under Chapter 11, the Court entered cash collateral orders authorizing the Debtor to use and expend up to a certain dollar amount in cash collateral to pay the costs and expenses incurred by the Debtor in the ordinary course of business to the extent provided in the accompanying budget. The cash collateral orders also provide for adequate protection liens to the IRS regarding post-petition property. On February 2, 2018, the Court entered a cash collateral order (Doc #181) that, as additional adequate protection, required the Debtor beginning in February 2018 to "escrow" the monthly sum of $14,053.84. The Court's order (Doc #181) provided that these Adequate Protection Funds would be distributed as follows: "The funds will be applied to the secured debt of the IRS and/or Coastal as their interests may ultimately be adjudicated." The language of the numerous cash collateral orders has varied, but the purpose of the escrow remains the same.

14. On March 5, 2018, the Debtor filed its Third Amended Complaint against Coastal and the United States in an adversary proceeding captioned as *Sky-Skan Incorporated v. Coastal Capital, LLC, et al.* (AP No. 17-01080) (the "Adversary Proceeding"). The Third Amended Complaint contains the following causes of action: (1) Turnover of Property of the Estate (regarding funds allegedly seized by Coastal), (2) Determination of Secured Status (as to Coastal), (3) Equitable Subordination (against Coastal), (4) Determination of Secured Status (as to the IRS), and (5) Affirmative Relief and Counterclaim for Tortious Interference (against Coastal). Specifically, Count Four of the Third Amended Complaint seeks a determination as to the extent, validity, and priority of the IRS's claims as to the Debtor's assets, without specific reference to the Adequate Protection Funds. All five causes of action remain pending, and no

trial is scheduled. As of the date of this Complaint, the United States has a pending motion for leave to file a motion for partial summary judgment in the Adversary Proceeding.

## COUNT ONE
## (Determine That the Bankruptcy Estate Has No Interest in Escrowed Adequate Protection Payments (Or that Any Limited Interest It Has Is Not Subject to Section 724(a))

15. The United States incorporates by reference paragraphs 1 through 14 as if specifically realleged herein.

16. Pursuant to cash collateral orders entered by this Court during the pendency of the Debtor's Chapter 11 bankruptcy case, the Debtor made periodic payments into an escrow account held by Debtor's bankruptcy counsel, as adequate protection for certain secured creditors in the bankruptcy case.

17. Pursuant to the cash collateral orders, the Adequate Protection Funds "will be applied to the secured debt of the IRS and/or Coastal as their interests may ultimately be adjudicated."

18. Per the Debtor's counsel's final fee application (Docket No. 720), on December 12, 2020, after conversion of the case to a Chapter 7 case, Adequate Protection Funds in the amount of $421,616.10 were transferred to the Chapter 7 Trustee.

19. The total amount of the IRS's secured claims exceeds the current balance of the Adequate Protection Funds.

20. Upon information and belief, the Adequate Protection Funds are comprised of (1) proceeds of Debtor's accounts receivable collected after the Debtor filed for Chapter 11 relief, and/or (2) some or all of Debtor's existing cash on the November 1, 2017, bankruptcy petition date.

21. Pursuant to 26 U.S.C. § 6323(c), the IRS's liens take priority over Coastal's security interest, if any, in the Adequate Protection Funds based on when the IRS recorded its NFTLs and when the Debtor entered into the contracts that correspond to the accounts receivable that was collected.

22. The Adequate Protection Funds are held in trust for the benefit of the United States and Coastal and, therefore, the funds are no longer property of the Debtor's bankruptcy estate. As such, the Adequate Protection Funds are not subject to 11 U.S.C. §§ 724 or 726.

23. The adequate protection payments were escrowed due to the priority dispute between the United States and Coastal, and otherwise would have been paid to the senior lien holder. The adequate protection payments were escrowed to protect the respective claims of the United States and Coastal, and not to preserve the right of a future Chapter 7 Trustee to "claw back" the payments. The adequate protection payments could not have been "clawed back" if they had been paid to the senior lienholder as adequate protection. Alternatively, the Adequate Protection Funds are not subject to 11 U.S.C. § 724(a) because, if they were, the protection given would be inadequate and the United States would be entitled to a superpriority administrative expense under 11 U.S.C. § 507(b).

24. The United States is the holder of the first and best lien or other interest as to the Adequate Protection Funds, and Coastal and the Chapter 7 Trustee have no interest in the Adequate Protection Funds because the claims of the United States exceed the amount held in escrow.

## COUNT TWO
## (In the Alternative, Order Abandonment of the Escrowed Adequate Protection Funds (Without Distribution))

25. The United States incorporates by reference paragraphs 1 through 24 as if specifically realleged herein.

26. The IRS's secured claims exceed the balance of the Adequate Protection Funds held in escrow.

27. The Adequate Protection Funds are not subject to avoidance under 11 U.S.C. § 724(a) due to the purpose of the adequate protection payments and such payments being held in escrow to resolve a priority dispute between the IRS and Coastal.

28. Even if the Adequate Protection Funds are subject to avoidance pursuant to 11 U.S.C. § 724(a), then the first and best lien holder between the IRS and Coastal will have a superpriority claim under 11 U.S.C. § 507(b), above the administrative claims of the Chapter 7 Trustee and any other entity.

29. The Adequate Protection Funds are of no benefit to the bankruptcy estate and should be abandoned. The United States is entitled to a judgment ordering the abandonment of the Adequate Protection Funds and ordering that the Chapter 7 Trustee deposit the Adequate Protection Funds into the registry of the United States District Court for the District of New Hampshire and file an interpleader complaint with the District Court naming as defendants the United States of America and Coastal Capital, LLC.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. Judgment against the defendants Jeffrey T. Piampiano, as Chapter 7 Trustee of the bankruptcy estate of Sky-Skan Incorporated, and Coastal Capital, LLC, determining that the bankruptcy estate has no interest in the Adequate Protection Funds, determining that the United

States is the holder of the first and best lien or other interest as to the Adequate Protection Funds, and ordering that the entire balance of the Adequate Protection Funds be distributed to the United States;

B. In the alternative, judgment against the defendants Jeffrey T. Piampiano, as Chapter 7 Trustee of the bankruptcy estate of Sky-Skan Incorporated, and Coastal Capital, LLC, ordering abandonment of the bankruptcy estate's interest in the Adequate Protection Funds and ordering that the Chapter 7 Trustee deposit the Adequate Protection Funds into the registry of the United States District Court for the District of New Hampshire and file an interpleader complaint with the District Court naming as defendants the United States of America and Coastal Capital, LLC; and,

C. Judgment that the United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

Dated: January 8, 2021

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Philip L. Bednar*
PHILIP L. BEDNAR
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-6415 (v)
202-514-5238 (f)
Philip.L.Bednar@usdoj.gov
Counsel for Plaintiff United States of America